UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIARICA LAWANDA SCHIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| MARSHALL THOMPSON, | ) | NO. 1:16-CV-02381-ELR |
| PAUL BERNICHON, | ) | |
| CHASE BAGWELL, individually, | ) | |
| and as employees of the | ) | |
| City of Conyers, Georgia, | ) | |
| the CITY OF CONYERS, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW Marshall Thompson, Paul Bernichon, Chase Bagwell, and the

City of Conyers ("Conyers") and, pursuant to Local Rule 7.1(C), file their reply in

support of their Motion for Summary Judgment, showing the Court as follows:

The immediate glaring omission from Plaintiff's response is any reference or

analysis of the video of the incident, presumably because it supports the officers'

version of events and their entitlement to immunity. Confusingly, plaintiff focuses

on the taser "standard promulgated by the Defendant City" instead of the alleged

conduct of *each* officer for purposes of showing an underlying constitutional violation based on the standard promulgated by the Supreme Court.  As set out in the opening brief and below, plaintiff cannot show a violation of her Fourth Amendment rights by *each* officer and that the conduct of *each* officer violated clearly established law to defeat qualified immunity.

## I.   No Genuine Dispute of Material Fact

Plaintiff's response does not contain a single reference to the video recording of her incident.  As the Court is well aware, it is required to view the facts "in the light depicted on the videotape." Scott v. Harris, 550 U.S. 372, 381 (2007).  As depicted in the video, the operative material facts are clear and undisputed: plaintiff actively resisted a lawful arrest, was tased a single time, was handcuffed immediately, and none of the officers used any force upon plaintiff thereafter.

## II.   Fourth Amendment – No Constitutional Violation

Plaintiff's response contains no reference to the Fourth Amendment, no discussion of Graham v. Connor, and no substantive discussion of objective reasonableness.  Her argument seems to be that there are "disputed facts" about whether it was proper to tase her because she was pregnant, she does not feel that

- 2 -

she posed a threat to the defendants, and "could have been" arrested without the use of a taser.  (Response, Doc. 44, p. 13-14.)  Her arguments are unsupported by evidence or the law.

**A. Effect of plaintiff's pregnancy**

Plaintiff appears to argue the defendants were constitutionally prohibited from tasing her simply because she was pregnant.  She has not cited to any authority for that proposition, because there is none.  The Eleventh Circuit has recognized, in fact, that a pregnant woman <u>may</u> be subjected to the use of objectively reasonable force when taken into custody for a lawful arrest.

In <u>Moore v. Gwinnett County</u>, 967 F.2d 1495 (1992), the Eleventh Circuit reversed a trial court's denial of summary judgment to a police officer who arrested and detained a suspect who was eight months pregnant and had fled from the scene of a traffic roadblock.  Upon locating her, the officer grabbed her with both arms, contacting her abdomen. <u>Id.</u> at 1498-1499.  The Eleventh Circuit held that the officer used reasonable force, because "the act of physically holding back a misdemeanor suspect who is attempting to leave the scene, even given her pregnant condition, cannot sensible be considered disproportionate by this circuit's precedents." <u>Id.</u> at 1499.

Moore did not involve the application of a taser, and it may have predated taser technology.  It does, however, stand for the proposition that officers are not categorically barred from using reasonable force to apprehend even a pregnant suspect, and reiterates the well known rule that "a police officer's use of force must be examined in the light of the facts of each individual case." Id.

Even if the plaintiff's proposed rule existed, the evidence shows that neither Bagwell, nor Bernichon, nor Thompson, learned plaintiff was pregnant until *after* she was tased.  (Bagwell depo, 31:25 – 32:7; Bernichon depo, 29:16-24, 34:12-18; Thompson depo, 28:21-23, 37:24-38:7.)  Plaintiff's pregnancy was unknown to the officers, and is therefore irrelevant to the Graham analysis, because the use of otherwise reasonable force "does not become excessive force when the force aggravated (however severely) a pre-existing condition the extent of which was unknown to the officer at the time." Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002).

Finally, it is undisputed that plaintiff was not injured. The Eleventh Circuit recognized the obvious in an unpublished 2009 opinion addressing the use of force against a pregnant suspect – even where the court had concerns about the force used, "we have no choice but to conclude that the force was reasonable where an

officer causes no injuries in the course of effecting a lawful arrest, despite the fact that the arrestee is particularly susceptible to injury." Williams v. Matthews Sirmons, 307 Fed. Appx. 354 (11th Cir. 2009).

## B. The use of force was objectively reasonable

Plaintiff argues she did not pose any threat to the officers, and even suggests that the officers testified she did not pose a threat. This misstates the testimony of the officers and, more importantly, ignores the video recording of the incident.

It's readily apparent plaintiff made the conscious decision to avoid the video because it sinks her case. The video establishes that plaintiff, the subject of a "person armed" call, who had threatened to "shoot up" a residence, began actively and violently resisting as soon as she realized she was under arrest. Plaintiff had been patted down for weapons when the fight started, but not thoroughly searched, and Bagwell had not yet finished "frisking" plaintiff's car for weapons. (Bagwell depo, 72:21: -73:5.) Any reasonably prudent officer in the same position as these defendants would have believed plaintiff posed a threat to them or to others if she was not taken promptly into custody.

Plaintiff's suggestion that the officers could have taken her into custody without the use of a taser misses the point. As a practical matter, the officers note

they had already attempted to do that without success, and there is no guarantee further attempts to subdue plaintiff would have been successful without injuring plaintiff, an officer, or both.  To state the obvious that plaintiff ignores with the benefit of 20/20 hindsight, the dynamic nature of a fight with an agitated individual such as plaintiff can often result in unexpected or unintended injuries in the forms of sprains, strains, fractures, etc.  A prolonged fight could have resulted in one or more of the officers falling on plaintiff and even potentially injuring her unborn child.

More importantly, the constitutional inquiry is not whether the officers could have used some *other* technique but rather, whether the force applied was objectively reasonable.  It was.  Bagwell's decision to use a taser was objectively reasonable under the circumstances, particularly because the other officers had already tried unsuccessfully to grab her arms without success.  The use of a taser simply made sense to minimize the risk of injury to all involved.

III.   **Qualified Immunity – No Clearly Established Law**

Plaintiff has not cited any authority showing *each* officer violated her constitutional rights, much less the type of fact-specific, detailed authority necessary to overcome qualified immunity.  See White v. Pauly, 137 S.Ct. 548

(2017).  Instead of addressing the alleged conduct of each officer, plaintiff relies on conclusory statements that they violated clearly established rights.  (Response, Doc. 44, p. 17 (citing to §2D).)  This is not surprising because there is no authority standing for the proposition that an officer may not use a taser a single time against a domestic violence suspect who is actively resisting arrest and (later) identified to be pregnant.  To the contrary – in 2015, an Alabama district court judge noted that "the constitutional limits on drive-stun Taser use and of use of force against pregnant women are quite murky" and that the Eleventh Circuit had only issued one opinion, in 1992, addressing the use of force against a pregnant woman. Andrews v. Williams, 2015 U.S. Dist. Lexis 132015, *21-22, (M.D. Ala., 2015). That case was Moore v. Gwinnett County, which, as addressed above, *permitted* the use of de minimis force to take a pregnant suspect into custody.  Because plaintiff has failed to satisfy her burden of showing a violation of a clearly established right (let alone a violation of her Fourth Amendment right), the officers are entitled to qualified immunity.

## IV.   No Monell Liability

Plaintiff asserts that the City "ignored" its standards and endorsed and defended "a course of conduct that condoned the constitutional violation about

- 7 -

which Plaintiff now complains." (Response, Doc. 44, p. 13.) She has failed, however, to present any evidence showing the *threshold* requirement that her Fourth Amendment right was violated and that the city's policy or custom was the "moving force" of the violation. Instead, plaintiff operates under the mistaken belief that a violation of the city's taser policy equates to a constitutional violation. It does not. See, e.g., Smith v. Freland, 954 F.2d 343, 347-348 (6th Cir., 1992) (holding that a police officers purported violation of departmental pursuit policy does not equate to a constitutional violation per se, because "city policies do not determine constitutional law," citing Ford v. Childers, 855 F.2d 1271 (7th Cir. 1988) (en banc)).

## V.   **State law claims**

Plaintiff's response seems to conflate the difference between (1) the sovereign immunity which applies to the claims she has asserted against the officers in their official capacities, and (2) the official immunity which applies to the claims she has asserted against them in their individual capacities.

As to the official capacity claims, i.e., the claims against the City, Plaintiff has failed to introduce evidence showing a waiver of sovereign immunity, and the officers are therefore entitled to summary judgment.

As to the individual capacity claims, Plaintiff argues only that there is a fact issue as to whether or not these officers acted with actual malice – whether they deliberately intended to "do wrong." Plaintiff has not identified any authority in support of that specific argument, and the only authority cited in this section of her response is <u>Peterson v. Baker</u>, 504 F.3d 1331 (11th Cir., 2007), a case arising from a "hostile encounter" between a teacher and her student in a middle school setting.

The <u>Peterson</u> court, however, granted official immunity to a school teacher arising from her use of force to detain a student, because it was undisputed he was acting in his discretionary capacity and there was an absence of any evidence that the teacher acted with malice. "Because the teacher's response to the student's defiant misconduct was not entirely unreasonable in light of [the facts], we cannot infer – without more – that the teacher intended to do something wrongful or cause the student significant injury." <u>Id.</u>, 504 F.3d at 1340. Similarly, a police officer who uses force to subdue a suspect remains entitled to official immunity unless and until a plaintiff shows he acted with "actual malice." There is no evidence in this record suggesting that any of the officers had a motive other than taking plaintiff into custody as the result of her lawful arrest.

Respectfully submitted this 12th day of September, 2017.

FREEMAN MATHIS & GARY, LLP

*/s/E. Andrew Treese*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
E. Andrew Treese
Georgia Bar No. 556850
atreese@fmglaw.com

Counsel for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770 937-9960)

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing memorandum of law was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

Respectfully submitted this 12th day of September, 2017.

s/E. Andrew Treese
E. Andrew Treese
Georgia Bar no. 556850
atreese@Fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

W. Henry Clerke, IV
BRYMAN & CLERKE, PA
630 Village Trace
Building 15, Suite E
Marietta, GA 30067
whciv@mindspring.com

Theodore H. Lackland
LACKLAND & ASSOCIATES, LLC
630 Village Trace
Building 15, Suite C
Marietta, GA 30067
tlackland@e-lacklaw.com

Michael S. Waldrop
WALDROP & BOOTCHECK, LLC
81 Commerce Drive
Conyers, GA  30094
Michael@mywblaw.com

This 12th day of September, 2017.

*E. Andrew Treese*
E. Andrew Treese

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960